ELIZABETH ASHHURST, appellant,

*v.*

J. DUNDAS LIPPINCOTT, executor, respondent.

1. In a suit instituted by Alice Lippincott (and others), in which her husband was also a party complainant, for an accounting and the settlement of the estate of Thomas F. Potter, and its division into four equal shares under his will for the benefit of the testator's *surviving* children, the final decree (made June 6th, 1877) provided, in respect to the fund in question, as follows: "and that said trustee do further set aside and retain as trustee under said will, for Alice Lippincott, another daughter of said testator, the following cash and securities," &c. Such division included the share of the estate which

had been given absolutely to one of the children (James) under the will of his father, but which had not been accounted for. The accounting and division of the estate were based upon the assumption that James died in the lifetime of his father. Subsequently, and in these proceedings, it was admitted that he died two years after the death of his father, therefore the share of James belonged absolutely to all his surviving brothers and sisters equally.—*Held*, that Alice Lippincott was not estopped by said decree, so far as the parties to that suit were concerned, from showing, in an action against the remainder-men of this share, that a portion of the one-fourth paid over in trust for her under her father's will, was, in fact, her absolute property as next of kin of her brother.

2. Estoppels by decree against asserting admitted rights should appear clearly.

On appeal from a decree advised by Vice-Chancellor Emery, who delivered the following opinion :

At the hearing of the cause the questions raised by the answer to the cross-bill were disposed of orally, except the main question as to the effect on Mr. Lippincott's rights of the decree made in this court on June 6th, 1877, in the suit to which Mr. Lippincott was a party complainant as the husband of Alice Lippincott, formerly Alice Potter, who was also a complainant. I have examined the record in this cause, and considered it with the aid of the very full briefs of counsel, and reach the conclusion that the decree in question cannot be held to be a bar to the right now set up by the defendant in his cross-bill. The reasons, shortly stated, are as follows : The object of that suit, as appears by the bill, was to obtain an accounting and the settlement of the estate of Thomas F. Potter, and its division (after providing for his widow) into four equal shares under his will for the benefit of Thomas F. Potter's surviving children who were living at the time of filing the bill. Such division, of course, included the share of the estate still in the administrator's hands which had been given to James under the will of his father, but which had not been paid over or accounted for. The share of James belonged absolutely to all the surviving brothers and sisters equally in case James survived his father ; in case he did not, then the shares of the two daughters therein were, as part of their father's residu-

ary estate, to be held in trust for their respective lives with remainder over, as directed by the will. But, so far as related to the settlement and distribution of the entire estate in the hands of Thomas F. Potter's executor (including James' undivided estate), this was fully accomplished, as between the parties complainant and defendant in that suit, by the division of this entire estate, in the first instance, into four shares between the surviving children, after providing for the widow. The question as to the rights of the daughters who held the income for life, and those entitled in remainder after their deaths in the one-fourth which was set aside for their respective trustees, or any portion thereof, could not in that suit have been finally decided against the remaindermen. Until the death of Mrs. Lippincott it was uncertain who would be entitled to any of the principal of the fund, and final decision upon the question of the right of any portion of the principal would not have been within the jurisdiction of the court, it seems to me, until the question of their rights had actually arisen for determination after the death of the life tenant, and in a suit to which the remaindermen were parties in that capacity and upon issues distinctly raised between the parties claiming to be entitled. Mrs. Lippincott, being undoubtedly entitled to the interest upon all of the one-fourth share (subject to the widow's right), the question as to whether she was entitled to any portion of this one-fourth as succeeding to the property of her brother James, or whether it was all the estate of her father, was not necessary to be then determined on the accounting between the parties to that suit, in order to make a division of the estate in the hands of defendant administrator between the legatees of Thomas F. Potter, and to pay over to trustees the funds of the Lippincott and Ashhurst trusts.

So far as this distribution was concerned, the administrator of Thomas F. Potter's executor was discharged by the payment of the one-fourth of the entire estate to the trustees who held for Mrs. Lippincott as directed by the decree, and no further adjudication was necessary or required in order to protect them, nor was any decree either necessary to be made or in fact made

as to the disposition of the principal. And inasmuch as the entire object of that suit, so far as the accounting defendants and Mrs. Lippincott were concerned, was accomplished by the payment of or accounting for one-fourth of the entire estate in the accountant's hands, including James' property (subject to provision for the widow), and as Mrs. Lippincott was certainly entitled to the income of this entire one-fourth, the direction of payment to a trustee of this one-fourth ended the litigation between the accounting defendants and Mrs. Lippincott. . But so far as these accounting defendants and the parties to the suit were concerned, it seems to me that this direction for payment of the whole principal of the one-fourth to trustees for Mrs. Lippincott under her father's will, should not be held to estop her, or those claiming under her, from afterwards showing in an action against the remaindermen of this share so paid over, and who were not and could not have been parties to the original suit in that capacity, that a portion of this one-fourth paid over in trust for her under her father's will was in fact her absolute property under that will. To hold that the decree in that cause had this collateral effect in favor of the remaindermen, would, as the facts now appear, compel her, out of her own property, to increase the Thomas F. Potter's residuary estate. By the pleadings in this cause it appears, and it is now admitted by the parties, that James F. Potter, the brother, died in 1855, two years after the death of his father. Consequently, the adjudication that James died before the death of his father, if it was in fact made in the former cause, was based on an admitted mistake of fact, and any adjudication as to payments for Mrs. Lippincott's benefit founded thereon detracted from her real rights on the facts as they now appear. But, so far as the accountants then directed to make payments to trustees for her were concerned, this detraction from her rights was of no importance and to them made no difference, and in view of this actual *status* of the final decree for payment and its effect and purpose, the decree for payment to a trustee should not, in my judgment, be held to operate as such a final settlement between Mrs. Lippincott and the remaindermen of her share of the residuary

estate, as to prevent those claiming under her from showing that the estate paid over to the trustee included in fact property to which she was absolutely entitled as next of kin of her brother, one of the legatees under her father's will, and was under that will held in trust for her as such next of kin. Treating, therefore, the decree in the former cause as in fact adjudicating that James F. Potter died during the lifetime of his father, I do not think it is to be taken as conclusive for the purposes of this suit, and as between the present parties. In the present suit and on the cross-bill the issue is direct as to the extent to which this Alice Lippincott trust fund paid over under the former decree was principal belonging to the Thomas F. Potter residuary estate of which Mrs. Lippincott had the income, and to what extent it was Mrs. Lippincott's absolute estate, as succeeding to her brother, James Potter, and his interests under the will. This issue now arises directly by reason of Mrs. Lippincott's death; the parties claiming under her absolutely and under her father's will as remaindermen, are now before the court for the decision of this question for the first time, and the decision must be made between these parties, and on this direct issue, according to their real rights as they exist upon the facts which now appear. It is admitted by the pleadings in this case that the brother, James, in fact died in 1855, two years after his father, and by reason thereof Mrs. Lippincott was therefore entitled absolutely to one-fourth of his estate in the hands of his father's executors or their representatives, and to so much of the principal of the fund paid over to the trustee for the benefit of Alice Lippincott as may be found to consist of this one-fourth.

In reference to the right of the present complainant, Mrs. Ashhurst, who was a co-complainant with Mrs. Lippincott, now to set up in her favor the finality, for the purposes of the present suit, the supposed adjudication in the former suit that James Potter died in his father lifetime, or of a decree·based on such adjudication, it must be further noticed that in her present bill she expressly alleges that James survived his father, and that this is admitted by the answer, cross-bill and again by the complainant in her replication. So that it would seem that the

benefit of any estoppel in reference to this point, so far as any direct adjudication as to the time of James' death is relied on, is waived by the record in this suit, and complainant's rights by estoppel, arising under the former decree, must therefore depend wholly upon the adjudication made in the final decree as to the fund now in question. This decree as to the fund now in question was as follows : "And that said trustee do further set aside and retain as trustee under said will for Alice Lippincott, another daughter of said testator, the following cash and securities, viz.," &c. It is claimed that this was an adjudication that this entire fund so directed to be set aside belonged to the residuary estate of Thomas Potter. But this is not clear, for this decree makes no express characterization of this fund except that it is held in trust under said will for Alice Lippincott, and even if any portion of this sum set apart in fact belonged to her as next of kin of her brother, James, this portion would, when paid over to the trustee, as directed by the decree, be still held in trust for her under her father's will. The decree failed to adjudicate distinctly and in terms the character of the trust or that it was in trust to pay the income only, so that this decree for payment to the trustee of the fund in question does not seem, in point of fact, to bear the construction that no trust other than that to pay the income to her would afterwards be shown. The funds of the entire estate of Thomas F. Potter, which originally came from and which were held by the accounting defendants at the time of filing the bill, could be accurately and legally described as funds held in trust under his will, for all the parties entitled thereto, whether to principal or income, and the direction of the payment of the fund in question to a trustee as trustee under said will for Alice Lippincott, without further directions expressly specifying the trust, may fairly be said, I think, to leave it open to Mrs. Lippincott (or those succeeding to her rights), on the face of the decree to show that, under her father's will and in virtue of the facts as they exist applicable to the division of his estate under this will, a portion of the fund is, under the will, held by the trustee in trust to pay over to her absolutely as her share of the estate in the trustee's hands, which her brother, James, was entitled to under this will. Estoppels by decree against asserting

admitted rights should appear clearly. This construction of the decree would seem to be exactly in line with the prayer of the original bill, which prayed only an accounting and settlement of the estate of Thomas F. Potter, and the only question is whether, in view of the subsequent orders and proceedings in the cause, the object of the suit was not extended to the declaration and settlement of the entire interest of Alice Lippincott in the entire estate in the hands of the accountants. I think the decree does not make such declaration, but even if the terms of the final decree, as actually made, should, in the light of these subsequent orders and proceedings, be construed as declaring and settling that the only trust for Alice Lippincott on which the funds were held was a trust to pay her the interest during her life, and that on her death the entire principal fund was then divisible among her surviving brothers and sister, yet, for the reasons above given, I do not think the decree should be taken as finally settling that question between the present parties. And inasmuch as there has never been any final division of this residuary fund, known as the Alice Lippincott trust, or decree as to the parties entitled to it on her death, and it is still under the control of this court, I think there is no obstacle to the disposition of the principal of the fund as between the executor of the life tenant, Mrs. Lippincott, and the remaindermen according to their actual rights therein on the facts as now admitted. Such division, according to the real rights and equities, should, in my opinion, be made unless it is entirely clear that in the former suit the rights now in controversy were, as between the life tenant and the remaindermen, issues to be adjudged and were in fact conclusively settled by the former decree. Decree will be advised in favor of the defendant, Lippincott, upon his cross-bill. If counsel differ as to the amount in the trust fund which should be held to belong to the James Potter estate, the differences can probably be settled by me without reference, and I will hear counsel further on this point, if necessary.

*Mr. William M. Lanning*, for the appellant.

*Mr. Garret D. W. Vroom* and *Mr. Edwin Robert Walker*, for the respondent.

Miller *v.* American Tobacco Co.

Per Curiam.

Decree affirmed, for the reasons given in the court of chancery.

*For affirmance*—Collins, Depue, Dixon, Garrison, Gummere, Lippincott, Ludlow, Van Syckel, Adams, Bogert, Hendrickson, Krueger, Nixon, Vredenburgh—14.

*For reversal*—None.